Dianne C. Kerns, #011557
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM
Dianne Crandell Kerns, Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA A BAUER,<br><br>                   Debtor. | CHAPTER 13 PROCEEDINGS<br><br>Case No. 4:19-bk-14606-SHG<br><br>**TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: ORIGINAL PLAN (DKT #2)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on February 11, 2020 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000.00 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. Tax Refunds.  If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee.  The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. **Filed Proofs of Claim. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan.  Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order: AZDOR and IRS.  This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.**

4. **AZDOR Proof of Claim 2. Trustee objects to confirmation as AZDOR has filed a priority proof of claim in the amount of $8,616.00.  The proof of claim has estimated amounts owed due to the non-filing of Debtor's 2012-2017 tax returns.  This objection may be resolved by providing proof that said returns have been filed or filing Debtor's 2012-2017 tax returns and having the proof of claim amended or by filing an objection to the proof of claim followed by an order.  Please note that if the returns have not been filed, confirmation of the plan may be prohibited due to §§521, 1308 and 1325.**

5. **IRS Proof of Claim 4. Trustee objects to confirmation because Creditor has filed a priority proof of claim in the amount of $415.38 for Debtor's 2018 taxes and Debtor's plan proposes to pay $350.00.  This objection may be resolved by addressing the proof of claim and the amounts filed by Creditor and have the order confirming match the claim balance.**

6. Tax Returns that have not been filed.  Trustee objects to confirmation as the Court is unable to confirm this plan under the provisions of 11 U.S.C. §§ 1308 and 1325(a)(9). This objection may be resolved by filing the respective returns for assessment of the tax liabilities so that the feasibility of the plan can be certain. **Debtors have 30 days to have the tax authorities withdraw their claims, file the missing returns and provide documentation of filing to the Trustee or obtain relief under §1308. Otherwise, the case will be dismissed. LRBP Rule 2084-5.**

7. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

8. <u>Plan Payments</u>.  Debtor has made payments in the total amount of $0.00.  Debtor is delinquent in the amount of $1,830.00, representing 2 months through January 15, 2020. Trustee will not stipulate to confirmation unless the plan payments are current.  Plan payment information may be obtained by logging on to <u>www.ndc.org.</u>  In general, the information on this website is 24-hours old.

**9. <u>Schedule I</u>. Trustee objects to confirmation as Debtor testified at their 341 hearing that they now have new employers as well as their non-filing spouse. This objection may be resolved by Debtor's Attorney filing an amended Schedule I to disclose Debtor and Debtor's non-filing spouse's new employers and monthly income.**

10. <u>Documents Requested by Trustee</u>.  Any documents that have been requested will need to be provided <u>within 30 days</u>. Such documents should be sent to Trustee with a cover letter outlining and describing the documents. **Any documentation submitted must be legible, organized by category and month, totaled and averaged (i.e. "show your work").  If Debtors fail to follow this guideline, Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.  Debtor is also required to submit a written explanation justifying the reasonable NECESSITY of the excessive expenses.**

**11. <u>Tax Returns</u>.  Trustee objects to confirmation as the following documents must be provided within 30 days: a copy of Debtor's 2017-2018 tax returns. Such documents should be sent to Trustee with a cover letter outlining and describing the documents.  This objection may be resolved by submitting Debtor's 2017-2018 tax returns to Trustee. Nothing in this document alters Debtor's obligations under applicable law and Trustee expressly reserves the right to seek other remedies.**

12. <u>Liquidation Analysis</u>:   At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements.  Trustee reserves the right to amend this conclusion.

**13. <u>Projected Disposable Income</u>.  At this time Trustee believes that the plan does not satisfy the projected disposable income requirement of Section 1325(b)(1)(B).  However, the requirement of Section 1325(b)(1)(A) is currently satisfied because the proposed funding will pay 100% of the unsecured claims filed as of February 11, 2020. Trustee reserves the right to amend this conclusion. The current funding may be insufficient for confirmation of the plan if additional claims are filed or current claims are amended. The deadline to file claims is January 27, 2020 (general claims) and May 14, 2020 (government claims).**

14. Plan Feasibility. Pursuant to Trustee's calculations, the Chapter 13 Plan is feasible at this time. However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

15. Objections to Confirmation. Debtor shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection within 30 days of this objection/evaluation. If Debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

16. Submission of Proposed SOC. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail. Trustee will not review a proposed SOC if it does not appear on the court's docket.[1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 13th day of February, 2020.

OFFICE OF THE CHAPTER 13 TRUSTEE
31 North 6th Avenue #105-152
Tucson, AZ 85701

By /s/ DCK #011557
Dianne C. Kerns, Chapter 13 Trustee

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

| | |
|---|---|
| 1 | A copy of the foregoing was filed with the court and a copy was transmitted via electronic or first class mail this 2/13/2020 to: |
| 2 | |
| 3 | |
| 4 | LAURA A BAUER |
| | 6291 S EARP WASH LN |
| 5 | TUCSON, AZ 85706 |
| | Debtor |
| 6 | |
| 7 | THOMAS ADAMS MCAVITY |
| | PHOENIX FRESH START BAKRUPTCY ATTORNEYS |
| 8 | 4602 E THOMAS RD |
| | STE S-9 |
| 9 | PHOENIX, AZ 85028 |
| | Email: tom@nwrelief.com |
| 10 | Attorney for Debtor |
| 11 | |
| | By: AVR |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

Case 4:19-bk-14606-SHG   Doc 20   Filed 02/13/20   Entered 02/13/20 09:11:10   Desc
Page 6 of 6